UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:25-CR-246-D-BM

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JOSEPH TYRE CUMBERLANDER | DEFENDANT'S MOTION IN LIMINE<br>TO EXCLUDE EVIDENCE<br>UNDER RULES 403 AND 404(b) |

NOW COMES the Defendant, Joseph Tyre Cumberlander, by and through counsel, and respectfully moves this Court, pursuant to Rules 403 and 404 of the Federal Rules of Evidence for an Order in limine excluding any and all evidence and references to evidence relating to Mr. Cumberlander's prior convictions, prior arrests, and any pending criminal charges against him. Mr. Cumberlander asserts that the introduction of such evidence is contrary to established law and that it therefore must be excluded from presentation at trial. Because of the highly prejudicial nature of this evidence, and out of an abundance of caution, Mr. Cumberlander files this motion in limine. In support of this motion, Mr. Cumberlander shows the Court the following:

**RELEVANT FACTS**

1. Mr. Cumberlander was named in a Superseding Indictment filed on March 17, 2026, charging him with: (Count 1) possession with intent to distribute twenty-eight grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1), on January 12, 2025; and (Count 2) possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1), on May 22, 2025.

2. Mr. Cumberlander has prior convictions arising out of Wayne County, including for: possession of stolen firearms (13CRS53229, 13CRS53229); resisting a public officer (13CR55796); discharging a firearm within city limits (13CR55797); driving while impaired

(14CR55168); possession of drug paraphernalia (14CR4849); speeding (14CR705977 and 21IF789); operating a vehicle without insurance and driving without registration displayed (15CR1986); possession of a firearm by a felon (15CRS51200, 17CRS50201); possession with intent to sell or deliver cocaine (15CRS51201); reckless driving (15CR2514); possession with intent to sell or deliver marijuana (16CRS50556); driving while license revoked (16CRS50557, 16CR703565, 16CR705891); probation violation (17CRS2755); assault on a female (20CR54124); and speeding and failure to comply with license restrictions (22CR700754).

3. Mr. Cumberlander has prior convictions arising out of Wake County, including: speeding (15CR1044, 24CR30051) possession of marijuana (16CRS208630); failing to maintain lane control (24CR21934); possession with intent to sell or deliver cocaine (24CR279841); and larceny (24CR288559).

4. Mr. Cumberlander has prior convictions arising out of Johnston County, including speeding (15CR703003, 24CR460); driving while impaired (16CR55412); probation violation (17CR114); and possession of drug paraphernalia (16CR55419).

5. Mr. Cumberlander has prior convictions from 2022 for driving on a suspended license (55-10-504DOSL) and a subsequent failure to appear (ST1815-22) in Carter County, Tennessee.

6. The Government has filed notice of its intent to seek a sentencing enhancement pursuant to 21 U.S.C. § 851 based on Mr. Cumberlander's prior conviction in Wake County, listed above, for possession with intent to sell or deliver cocaine (24CR279841) as to Count 2. Docket Entry (DE) 33.

7. Discovery produced by the Government includes a series of police reports regarding a single vehicle crash that took place on January 19, 2025. Police allegedly discovered crack cocaine

2

and drug paraphernalia inside of the vehicle, belonging to Ms. Aminah Muhammed, which they attributed to Mr. Cumberlander. Although the report states that police intended to take out charges against Mr. Cumberlander, it does not appear that charges were ever filed.

8. The Government also produced in discovery a police report alleging that Mr. Cumberlander possessed crack cocaine during a July 3, 2025 traffic stop. On that date, Mr. Cumberlander was arrested and charged with possession with intent to manufacture, sell, or deliver cocaine (25CR351384). Mr. Cumberlander was released on bond July 5, 2025. As the charges remain pending, he has not been convicted of this alleged conduct. *See* Pretrial Report (PTR), at DE 15, at p. 10.

9. There are nine charges, including possession with intent to sell or deliver cocaine, maintaining a vehicle, dwelling, or place for a controlled substance, and trafficking in cocaine, pending against Mr. Cumberlander in Sampson County District Court in 25CRS228989, 25CR229202 and 25CR229745 arising from an arrest on February 7, 2025. Mr. Cumberlander was released on bond February 10, 2025. As the charges remain pending, Mr. Cumberlander has not been convicted of this alleged conduct. *See* PTR, at DE 15, at pp. 9–10.

10. There is one drug charge pending against Mr. Cumberlander in Wake County in 25CR315328, which is related to the instant offense from the May 22, 2025 arrest. Mr. Cumberlander was released on bond on May 24, 2025. As the charges remain pending, Mr. Cumberlander has not been convicted of this alleged conduct. *See* PTR, at DE 15, at p. 10.

11. Finally, there are several charges pending against Mr. Cumberlander in Wake County in 25CRS208737, which are related to the instant offense from the January 12, 2025 arrest. Mr. Cumberlander was released on bond on January 13, 2025. As the charges remain pending, Mr. Cumberlander has not been convicted of this alleged conduct. *See* PTR, at DE 15, at p. 9.

3

12. Trial is currently scheduled for the June 22, 2026, term of Court.

## ARGUMENT

Federal Rule of Evidence 404(b) prohibits the admission of evidence of other crimes, wrongs, or acts "to prove the character of a person in order to show action in conformity therewith." Fed. R. Evid. 404(b). Evidence of other crimes or bad acts may be admitted, subject to Rule 403 balancing, for purposes "such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake," but Rule 404(b) precludes the admission of such evidence to demonstrate the defendant's propensity to engage in a certain behavior. *Id.*; *see also United States v. Siegel*, 536 F.3d 306, 317 (4th Cir. 2008) (citing *United States v. Young*, 248 F.3d 260, 271 (4th Cir. 2001)).

Federal Rule of Evidence 403 further filters the evidence admitted under Rule 404(b). Evidence submitted for a permissible purpose under Rule 404(b) is examined to determine whether its probative value is substantially outweighed by the danger of unfair prejudice. Fed. R. Evid. 403; *United States v. Queen*, 132 F.3d 991, 997 (4th Cir. 1997). Evidence should be excluded "when there is a genuine risk that the emotions of a jury will be excited to irrational behavior, and this risk is disproportionate to the probative value of the offered evidence." *Siegel*, 536 F.3d at 319 (citing *United States v. Williams*, 445 F.3d 724, 730 (4th Cir. 2006)). It should be noted, however, that unfair prejudice is not always incited by highly emotionally charged forms of proof. Unfair prejudice is the "undue tendency to suggest decision on an improper basis, commonly, though *not necessarily*, an emotional one." Fed. R. Evid. 403 advisory committee's note (emphasis added). The Fourth Circuit instructs that evidence admitted pursuant to Rule 404(b) and Rule 403 must satisfy four requirements: (1) the evidence must be relevant to some issue besides character; (2) the evidence must be necessary to prove an essential claim or element of the charged offense; (3)

4

the evidence must be reliable; and (4) the probative value of the evidence must not be substantially outweighed by undue prejudice. *Queen*, 132 F.3d at 997.

I. *Informing the jury of Mr. Cumberlander's prior convictions would result in unfair prejudice.*

Mr. Cumberlander's prior convictions for offenses unrelated to drugs are wholly irrelevant to the present charges. The only probative value of this evidence is to establish a propensity toward crime in general, which is impermissible under Rule 404(b). In any event, that value is strictly marginal, as the majority of these convictions were entered when Mr. Cumberlander was between eighteen and twenty-one years old. Mr. Cumberlander's non-drug-related convictions are inadmissible propensity evidence with no probative force outside of the generic suggestion that he has a criminal character—or at least that he *had* such a character ten years ago. Even if this evidence were admissible under Rule 404(b), it would fail to pass Rule 403 muster. Clearly, the danger of unfair prejudice substantially outweighs the null value of substantively different convictions that date back more than a decade.

Mr. Cumberlander's prior convictions for drug offenses are likewise inadmissible, as they do not shed light on motive, intent, knowledge, or any other permissible purpose. *See* Fed. R. Evid. 404(b). These convictions, with the exception of the 2024 conviction identified in the Government's § 851 prior felony information, addressed below, are also more than a decade old and therefore marginally relevant. *See United States v. Bell*, 901 F.3d 455, 466 (4th Cir. 2018) (holding that the bare fact of the defendant's convictions for similar offenses, which predated the indictment by at least five years, were marginally relevant and unduly prejudicial); DE 33. These prior convictions have no connection to the elements or essential claims of the offenses charged in the Superseding Indictment, and therefore they fail to meet the "necessity" requirement of the *Queen* test. *See Queen*, 132 F.3d at 998. The nonexistent probative value for any relevant and

permissible purpose is substantially outweighed by the risk of unfair prejudice, especially as far as drug convictions are concerned. *See id.* at 997; *Bell*, 858 F.3d at 276–77 (citing *United States v. Caldwell*, 760 F.3d 267, 284 (3d Cir. 2014) (observing that "'prejudicial impact is only heightened when character evidence is admitted in the form of a prior criminal conviction, especially a prior conviction for the same crime as that being tried.'"). Admission of this evidence would incline the jury to convict Mr. Cumberlander based solely on his prior convictions for similar offenses.

The Government intends to seek an enhanced penalty as to Count Two based on Mr. Cumberlander's 2024 conviction for possession with intent to sell or deliver cocaine. DE 33. Although the offense underlying this conviction is concededly more recent, involved the same drug, and took place in the vicinity of the offense charged in Count Two, it must nonetheless be excluded under Rule 403. The Government is not required to prove a prior conviction for a felony drug offense to the jury in order to secure the sentencing enhancement it seeks. *See Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) (emphasis added) ("*Other than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."). Indeed, the Supreme Court has reasoned that requiring sentencing enhancements based on priors to be submitted to the jury would "risk[] significant prejudice" to the defendant. *Almendarez-Torres v. United States*, 523 U.S. 224, 234–35 (1998). Given that the Government is not required to submit the prior conviction to the jury for purposes of the enhancement, admission of the conviction is not strictly necessary under *Queen. See Queen*, 132 F.3d at 998. Furthermore, admission of this prior conviction presents an especially high risk of unfair prejudice, given the similarities between the crime of conviction and the offense charged by Count Two of the Superseding Indictment. *See Bell*, 858 at 276–77. This Court should exclude evidence of the 2024 conviction from the trial phase on Rule 403 grounds.

II. *Informing the jury of Mr. Cumberlander's prior arrests and pending criminal charges would result in unfair prejudice.*

Evidence relating to the pending charges against Mr. Cumberlander and the police reports describing those and other arrests does not satisfy a single prong of the *Queen* test. This evidence has no probative force other than to demonstrate a propensity to crime, which is an impermissible purpose under Rule 404(b). Mr. Cumberlander's prior arrests and pending state charges have no bearing on the elements or essential claims of the instant possession charges and thus cannot be deemed "necessary" evidence. *See id.* at 998. Furthermore, the evidence is unreliable, as none of the allegations contained in the police reports or in the charging documents of the pending cases have been tested by the adversarial process. *See id.* at 997. Finally, the evidence presents far too great a risk of unfair prejudice. *See id.* Introducing this evidence would encourage the jury to make a determination of guilt based on improper considerations outside of the scope of this trial. The risk of unfair prejudice is amplified by the fact that the conduct alleged by the police reports and the pending charges include state law analogues to the federal offenses charged by the Superseding Indictment. The utter lack of probative value is substantially outweighed by the risk of unfair prejudice. *See* Fed. R. Evid. 403.

## CONCLUSION

WHEREFORE, Mr. Cumberlander respectfully requests that this Court issue an Order prohibiting the government from offering or referring to evidence of Mr. Cumberlander's prior convictions, prior arrests, and any pending criminal charges against him in its case-in-chief.

Respectfully requested this 12th day of June, 2026.

G. ALAN DuBOIS
Federal Public Defender

*/s/ Edward D. Gray*
EDWARD D. GRAY
Assistant Federal Public Defender
Attorney for Defendant
Office of the Federal Public Defender
150 Fayetteville Street, Suite 450
Raleigh, North Carolina 27601
Telephone: 919-856-4236
Fax: 919-856-4477
E-mail: Edward_Gray@fd.org
N.C. State Bar No. 37539
LR 57.1 Counsel Appointed

8

<center>*CERTIFICATE OF SERVICE*</center>

I hereby certify that a copy of the foregoing was served upon:

WILLIAM B. VAN TRIGT
Assistant United States Attorney
Eastern District of North Carolina
300 N 3rd Street, Suite 120
Wilmington North Carolina 28401

by electronically filing the foregoing with the Clerk of Court on June 12, 2026, using the CM/ECF system which will send notification of such filing to the above.

This, the 12th day of June, 2026.

<div style="margin-left:45%">

*/s/ Edward D. Gray*
EDWARD D. GRAY
Assistant Federal Public Defender
Attorney for Defendant
Office of the Federal Public Defender
150 Fayetteville Street, Suite 450
Raleigh, North Carolina 27601
Telephone: 919-856-4236
Fax: 919-856-4477
E-mail: Edward_Gray@fd.org
N.C. State Bar No. 37539
LR 57.1 Counsel Appointed

</div>

<center>9</center>