UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:25-CR-246-D-BM-1

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JOSEPH TYRE CUMBERLANDER | DEFENDANT'S PROPOSED<br>JURY INSTRUCTIONS |

The defendant, Joseph Tyre Cumberlander, by and through counsel, hereby respectfully requests the Court to instruct the jury on the following matters. In addition, the defendant requests leave to offer such additional instructions as may become appropriate during the course of the trial.

## TABLE OF CONTENTS

**I.  GENERAL INSTRUCTIONS**

1.  Introduction to the Final Charge - Province of the Court and of the Jury

2.  Consider Only the Offense Charged

3.  The Government as a Party

4.  Presumption of Innocence, Burden of Proof, and Reasonable Doubt

5.  Number of Witnesses and Uncontradicted Testimony

6.  Judging the Evidence

7.  Inferences from the Evidence; Direct and Circumstantial Evidence

8.  Indictment Is Not Evidence

9.  Credibility of Witnesses – Generally

10.  Bias and Hostility

11.  Interest in Outcome

12.     Impeachment – Witness Using or Addicted to Drugs

13.     Impeachment – Prior Inconsistent Statement

14.     Law Enforcement Witness

15.     Expert Witness

16.     Testimony as Both Expert and Lay Witness

17.     Proof of Knowledge or Intent – Rule 404(b) Evidence

18.     Deliberate Ignorance - Explained

19.     "On or About" – Defined

20.     "Knowingly and Intentionally" – Defined

**II.     INSTRUCTIONS REGARDING THE CHARGED OFFENSES**

    **A.  COUNT ONE – Possession with the intent to distribute twenty-eight (28) grams or more of cocaine base (crack), 21 U.S.C. § 841(a)(1)**

21.     The Nature of the Offense Charged

22.     Statute Defining the Offense Charged

23.     Elements of the Offense Charged

    **B.  COUNT TWO – Possession with the intent to distribute a quantity of cocaine base (crack), 21 U.S.C. § 841(a)(1)**

24.     The Nature of the Offense Charged

25.     Statute Defining the Offense Charged

26.     Elements of the Offense Charged

**As to Counts ONE AND TWO**

27.     "Possession" – Defined

28.     "With Intent to Distribute" – Defined

## III. GENERAL/CONCLUSORY

29. The Defense

30. Effect of the Defendant's Decision Not to Testify

31. Jury's Recollection Controls

32. Verdict – Election of Foreperson – Duty to Deliberate – Unanimity – Punishment – Form of Verdict – Communication with the Court

Respectfully requested this 12th day of June, 2026.

G. ALAN DUBOIS
Federal Public Defender

/s/ Edward D. Gray
EDWARD D. GRAY
Assistant Federal Public Defender
Attorney for Defendant
Office of the Federal Public Defender
150 Fayetteville Street, Suite 450
Raleigh, North Carolina 27601
Telephone: 919-856-4236
Fax: 919-856-4477
E-mail: Edward_Gray@fd.org
N.C. State Bar No. 37539
LR 57.1 Counsel Appointed

/s/ Snayha M. Nath
SNAYHA M. NATH
Assistant Federal Public Defender
Attorney for Defendant
Office of the Federal Public Defender
150 Fayetteville Street, Suite 450
Raleigh, North Carolina 27601
Telephone: 919-856-4236
Fax: 919-856-4477
E-mail: Snayha_Nath@fd.org
DC Bar No. 1021111
LR 57.1 Counsel Appointed

Members of the Jury:

Now that you have heard all of the evidence that is to be received in this trial and each of the arguments of counsel it becomes my duty to give you the final instructions of the Court as to the law that is applicable to this case. You must use these instructions to guide you in your decisions.

All of the instructions of law given to you by the Court—those given to you at the beginning of the trial, those given to you during the trial, and these final instructions—must guide and govern your deliberations.

It is your duty as jurors to follow the law as stated in all of the instructions of the Court and to apply these rules of law to the facts as you find them to be only from the evidence received during the trial.

Counsel have quite properly referred to some of the applicable rules of law in their closing arguments to you. If, however, any difference appears to you between the law as stated by counsel and that as stated by the Court in these instructions, you, of course, are to be governed by the instructions given to you by the Court.

You are not to single out any one instruction alone as stating the law, but must consider the instructions as a whole in reaching your decisions.

Neither are you to be concerned with the wisdom of any rule of law stated by the Court. Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base any part of your verdict upon any other view or opinion of the law than that

4

given in these instructions of the Court just as it would be a violation of your sworn duty, as the judges of the facts, to base your verdict upon anything but the evidence received in the case.

You were chosen as juror for this trial to evaluate all of the evidence received and to decide each of the factual questions presented by the allegations brought by the government in the indictment and the plea of not guilty by the defendant.
In resolving the issues presented to you for decision in this trial you must not be persuaded by bias, prejudice, or sympathy for or against any of the parties to this case or by any public opinion.

Justice—through trial by jury—depends upon the willingness of each individual juror to seek the truth from the same evidence presented to all the jurors here in the courtroom and to arrive at a verdict by applying the same rules of law as now being given to each of you in these instructions of the Court.

Authority: 1A Fed. Jury Prac. & Instr., § 12:01 (6th ed.) (January 2026 Update).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 2
## CONSIDER ONLY THE OFFENSE CHARGED

The defendant is not on trial for any act or any conduct not specifically charged in the indictment.

Authority: 1A Fed. Jury Prac. and Instr., § 12:09 (6th ed.) (January 2026 Update).

6

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 3
## THE GOVERNMENT AS A PARTY

You are to perform the duty of finding the facts without bias or prejudice as to any party. You are to perform your final duty in an attitude of complete fairness and impartiality.

The case is important to the government, for the enforcement of criminal laws is a matter of prime concern to the community. Equally, it is important to the defendant, who is charged with a serious crime.

The fact that the prosecution is brought in the name of the United States of America entitles the government to no greater consideration than that accorded to any other party to a litigation. By the same token, it is entitled to no less consideration. All parties, whether government or individuals, stand as equals at the bar of justice.

The question before you can never be: will the government win or lose the case. The government always wins when justice is done, regardless of whether the verdict is guilty or not guilty.

Authority: 1 Modern Federal Jury Instructions – Criminal, ¶ 2.01 (2026), Instruction 2-5 (modified).

7

I instruct you that you must presume the defendant, Joseph Tyre Cumberlander, to be innocent of the crimes charged. Thus, the defendant, although accused of a crime in the indictment, begins the trial with a "clean slate"– with no evidence against him. The indictment, as you already know, is not evidence of any kind. The defendant is, of course, not on trial for any act or crime not contained in the indictment. The law permits nothing but legal evidence presented before the jury in court to be considered in support of any charge against the defendant. The presumption of innocence alone, therefore, is sufficient to acquit the defendant, Joseph Tyre Cumberlander.

The burden is always upon the prosecution to prove guilt beyond a reasonable doubt. This burden never shifts to a defendant for the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence. The defendant is not even obligated to produce any evidence by cross-examining the witnesses for the government.

It is not required that the government prove guilt beyond all possible doubt. The test is one of reasonable doubt. A reasonable doubt is a doubt based upon reason and common sense–the kind of doubt that would make a reasonable person hesitate to act. Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs.

Unless the government proves, beyond a reasonable doubt, that defendant Joseph Tyre Cumberlander has committed each and every element of the offense charged in the indictment, you must find him not guilty of the offense. If the jury views the evidence in the case as reasonably permitting either of two conclusions—one of innocence, the other of guilt—the jury must, of course, adopt the conclusion of innocence.

8

Authority: 1A Fed. Jury Prac. and Instr., § 12:10 (6th ed.) (January 2026 Update).

9

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 5
## NUMBER OF WITNESSES AND UNCONTRADICTED TESTIMONY

The fact that one party called more witnesses and introduced more evidence than the other does not mean that you should necessarily find the facts in favor of the side offering the most witnesses. By the same token, you do not have to accept the testimony of any witness who has not been contradicted or impeached, if you find the witness not to be credible. You also have to decide which witnesses to believe and which facts are true. To do this you must look at all the evidence, drawing upon your own common sense and personal experience. (After examining all the evidence, you may decide that the party calling the most witnesses has not persuaded you because you do not believe its witnesses, or because you do believe the fewer witnesses called by the other side.)

In a moment, I will discuss the criteria for evaluating credibility; for the moment, however, you should keep in mind that the burden of proof is always on the government and the defendant is not required to call any witnesses or offer any evidence, since he is presumed to be innocent.

Authority: 1 Modern Federal Jury Instructions – Criminal, ¶ 4.01 (2026), Instruction 4-3.

10

<u>DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 6</u>
<u>JUDGING THE EVIDENCE</u>

There is nothing particularly different in the way that a juror should consider the evidence in a trial from that in which any reasonable and careful person would deal with any very important question that must be resolved by examining facts, opinions, and evidence. You are expected to use your good sense in considering and evaluating the evidence in the case. Use the evidence only for those purposes for which it has been received and give the evidence a reasonable and fair construction in the light of your common knowledge of the natural tendencies and inclinations of human beings.

If the defendant be proved guilty beyond a reasonable doubt, say so. If not proved guilty beyond a reasonable doubt, say so.

Keep constantly in mind that it would be a violation of your sworn duty to base a verdict upon anything other than the evidence received in the case and these instructions of the Court. Remember as well that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence because the burden of proving guilt beyond a reasonable doubt is always with the government.

Authority: 1A Fed. Jury Prac. and Instr., § 12:02 (6th ed.) (January 2026 Update).

11

Inferences are simply deductions or conclusions which reason and common sense lead the jury to draw from the evidence received in the case.

There are two types of evidence which are generally presented during a trial – direct evidence and circumstantial evidence. Direct evidence is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness.  Circumstantial evidence is proof of a chain of facts and circumstances indicating the existence of a fact. The law makes no distinction between the weight or value to be given to either direct or circumstantial evidence. Nor is a greater degree of certainty required of circumstantial evidence than of direct evidence. You should weigh all the evidence in the case.

Authority: 1A Fed. Jury Prac. and Instr., §§ 12:05 and 12:04 (6th ed.) (January 2026 Update).

12

<u>DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 8</u>
<u>INDICTMENT IS NOT EVIDENCE</u>

An indictment is only a formal method used by the government to accuse a defendant of a crime.  It is not evidence of any kind against the defendant. The defendant is presumed to be innocent of the crime charged. Even though this indictment has been returned against the defendant, the defendant begins this trial with absolutely no evidence against him.

Defendant, Joseph Tyre Cumberlander, has pled "Not Guilty" to this indictment and, therefore, denies that he is guilty of the charge.

Authority: 1A Fed. Jury Prac. and Instr., § 13:04 (6th ed.) (January 2026 Update).

13

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 9
## CREDIBILITY OF WITNESSES–GENERALLY

You, as jurors, are the sole and exclusive judges of the credibility of each of the witnesses called to testify in this case and only you determine the importance or the weight, if any, that their testimony deserves. After making your assessment concerning the credibility of a witness, you may decide to believe all of that witness's testimony, only a portion of it, or none of it.

In making your assessment of that witness you should carefully scrutinize all of the testimony given by that witness, the circumstances under which each witness has testified, and all of the other evidence which tends to show whether a witness, in your opinion, is worthy of belief.

Consider each witness's intelligence, motive to falsify, state of mind, and appearance and manner while on the witness stand. Consider the witness's ability to observe the matters as to which he or she has testified and consider whether he or she impresses you as having an accurate memory or recollection of these matters. Consider also any relation a witness may bear to either side of the case, the manner in which each witness might be affected by your verdict, and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness or between the testimony of different witnesses may or may not cause you to disbelieve or discredit such testimony. Two or more persons witnessing an incident or a transaction may simply see or hear it differently. Innocent misrecollection, like failure of recollection, is not an uncommon human experience. In weighing the effect of a discrepancy, however, always consider whether it pertains to a matter of importance or an insignificant detail and consider whether the discrepancy results from innocent error or from intentional falsehood.

14

After making your own judgment or assessment concerning the believability of a witness, you can then attach such importance or weight to that testimony, if any, that you feel it deserves. You will then be in a position to decide whether the government has proven the charge beyond a reasonable doubt.

The testimony of a defendant should be judged in the same manner as the testimony of any other witness.

Authority: 1A Fed. Jury Prac. and Instr., § 15:01 (6th ed.) (January 2026 Update).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 10
## BIAS AND HOSTILITY

In connection with your evaluation of the credibility of the witnesses, you should specifically consider evidence of resentment or anger that some government witnesses may have towards the defendant.

Evidence that a witness is biased, prejudiced, or hostile toward the defendant requires you to view that witness' testimony with caution, to weigh it with care, and subject it to close and searching scrutiny.

Authority: 1 Modern Federal Jury Instructions – Criminal, ¶ 7.01 (2026), Instruction 7-2.

16

In evaluating credibility of the witnesses, you should take into account any evidence that the witness who testified may benefit in some way from the outcome of this case. Such an interest in the outcome creates a motive to testify falsely and may sway the witness to testify in a way that advances his own interests. Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his or her testimony and accept it with great care.

This is not to suggest that every witness who has an interest in the outcome of a case will testify falsely. It is for you to decide to what extent, if at all, the witness' interest has affected or colored his or her testimony.

Authority: 1 Modern Federal Jury Instructions – Criminal, ¶ 7.01 (2026), Instruction 7-3.

There has been evidence introduced at the trial that the government called as a witness a person who was using (or addicted to) drugs when the events he observed took place or who is now using drugs. I instruct you that there is nothing improper about calling such a witness to testify about events within his personal knowledge.

On the other hand, his testimony must be examined with greater scrutiny than the testimony of any other witness. The testimony of a witness who was using drugs at the time of the events he is testifying about, or who is using drugs (or an addict) at the time of his testimony may be less believable because of the effect the drugs may have on his ability to perceive or relate the events in question.

If you decide to accept his testimony, after considering it in light of all the evidence in this case, then you may give it whatever weight, if any, you find it deserves.

Authority: 1 Modern Federal Jury Instructions-Criminal P 7.01 (2026), Instruction 7-9.1.

18

You have heard evidence that a witness made a statement on an earlier occasion that counsel argues is inconsistent with the witness' trial testimony. Evidence of a prior inconsistent statement is not to be considered by you as affirmative evidence bearing on the defendant's guilt. Evidence of the prior inconsistent statement was placed before you for the more limited purpose of helping you decide whether to believe the trial testimony of the witness who contradicted himself. If you find that the witness made an earlier statement that conflicts with his trial testimony, you may consider that fact in deciding how much of his trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so how much, if any, weight to be given to the inconsistent statement in determining whether to believe all or part of the witness' testimony.

Authority: 1 Modern Federal Jury Instructions – Criminal, ¶ 7.01 (2026), Instruction 7-19.

19

You have heard the testimony of a law enforcement official.  The fact that a witness may be employed as a law enforcement official does not mean that his testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

At the same time, it is quite legitimate for defense counsel to try to attack the credibility of a law enforcement witness on the grounds that his testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all of the evidence, whether to accept the testimony of the law enforcement witness and to give to that testimony whatever weight, if any, you find it deserves.

Authority: 1 Modern Federal Jury Instructions – Criminal, ¶ 7.01 (2026), Instruction 7-16.

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 15
EXPERT WITNESS

In this case, I have permitted certain witnesses to express their opinions about matters that are in issue. A witness may be permitted to testify to an opinion on those matters about which he or she has special knowledge, skill, experience, and training. Such testimony is presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing this opinion testimony, you may consider the witness' qualifications, his or her opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness' testimony. You may give the opinion testimony whatever weight, if any, you find it deserves in light of all the evidence in this case. You should not, however, accept opinion testimony merely because I allowed the witness to testify concerning his or her opinion. Nor should you substitute it for your own reason, judgment and common sense. The determination of the facts in this case rests solely with you.

Authority: 1 Modern Federal Jury Instructions – Criminal, ¶ 7.01 (2026), Instruction 7-21.

21

You have heard the testimony of witnesses who testified to both facts and opinions. You should consider each of those types of testimony separately, and give them the proper weight.

As to the testimony about facts, you should consider the factors that I discussed earlier in these instructions about how to weigh the credibility of witnesses.

As to the testimony that included opinions, you may consider the witness's qualifications, his or her opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony. You should not, however, accept opinion testimony merely because I allowed the witness to testify concerning his or her opinion. Nor should you substitute it for your own reason, judgment and common sense. The determination of the facts in this case rests solely with you.

Again, you may give both the fact testimony and the opinion testimony whatever weight, if any, you find it deserves in light of all the evidence in this case.

Authority: 1 Modern Federal Jury Instructions – Criminal, ¶ 7.01 (2026), Instruction 7-24.

22

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 17
## PROOF OF KNOWLEDGE OR INTENT – RULE 404(b) Evidence

Evidence that an act was done or that an offense was committed by the defendant, Joseph Tyre Cumberlander, at some other time is not, of course, any evidence or proof whatever that, at another time, the defendant performed a similar act or committed a similar offense, including the offenses charged in this indictment.

Evidence of a similar act or offense may not be considered by the jury in determining whether Joseph Tyre Cumberlander actually performed the physical acts charged in this indictment. Nor may such evidence be considered for any other purpose whatever, unless the jury first finds beyond a reasonable doubt from other evidence in the case, standing alone, that Joseph Tyre Cumberlander physically did the act charged in this indictment.

If the jury should find beyond a reasonable doubt from other evidence in the case that the defendant did the act or acts alleged in the particular count under consideration, the jury may then consider evidence as to an alleged earlier act of a like nature in determining the state of mind or intent with which Joseph Tyre Cumberlander actually did the act or acts charged in the particular count.

The defendant is not on trial for any acts or crimes not alleged in this indictment. Nor may a defendant be convicted of the crimes charged even if you were to find that he committed other crimes—even crimes similar to the one charged in this indictment.

Authority: 1A Fed. Jury Prac. & Instr. § 17:08 (6th ed.) (January 2026 Update)

23

The government may prove that the Defendant, Joseph Tyre Cumberlander, acted "knowingly" by proving, beyond a reasonable doubt, that this defendant deliberately closed his eyes to what would otherwise have been obvious to him.

No one can avoid responsibility for a crime by deliberately ignoring what is obvious. A finding beyond a reasonable doubt of an intent of Joseph Tyre Cumberlander to avoid knowledge or enlightenment of a fact would permit the jury to find knowledge of that fact. Stated another way, a person's knowledge of a particular fact may be shown from a deliberate or intentional ignorance or deliberate or intentional blindness to the existence of that fact.

It is, of course, entirely up to you as to whether you find any deliberate ignorance or deliberate closing of the eyes and any inferences to be drawn from any such evidence.

You may not conclude that Joseph Tyre Cumberlander had knowledge, however, from proof of a mistake, negligence, carelessness, or a belief in an inaccurate proposition.

Authority: 1A Fed. Jury Prac. & Instr. § 17:09 (6th ed.) (January 2026 Update)

24

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 19
## "ON OR ABOUT" – EXPLAINED

The indictment charges that the offenses alleged were committed "on or about" a certain date.

Although it is necessary for the government to prove beyond a reasonable doubt that the offense was committed on a date reasonably near the dates alleged in the indictment, it is not necessary for the government to prove that the offense was committed precisely on the date charged.

Authority: 1A Fed. Jury Prac. & Instr. § 13:05 (6th ed.) (January 2026 Update).

You have been instructed that in order to sustain its burden of proof, the government must prove that the defendant acted knowingly and intentionally. A person acts knowingly if he acts intentionally and voluntarily, and not because of ignorance, mistake, accident, or carelessness. Whether the defendant acted knowingly may be proven by the defendant's conduct and by all of the facts and circumstances surrounding the case.

"Intentionally" means to act deliberately and purposefully, that is to say the defendant's acts must have been the product of defendant's conscious objective rather than the product of a mistake or accident.

Authority: 1 Modern Federal Jury Instructions-Criminal P 3A.01 (2026), Instructions 3A-1, 3A-4.

26

Count One of the Indictment alleges, "On or about January 12, 2025, in the Eastern District of North Carolina, the defendant, JOSEPH TYRE CUMBERLANDER, did knowingly and intentionally possess with the intent to distribute twenty-eight (28) grams or more of cocaine base (crack), a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1)."

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 22
## STATUTE DEFINING THE OFFENSES CHARGED
## COUNT ONE

Title 21, United States Code, Section 841(a)(1), provides that:

It shall be unlawful for any person knowingly or intentionally to manufacture, distribute, or

dispense, or possess with intent to manufacture, distribute, or dispense a controlled substance.

Authority: Title 21 United States Code Service, Sections 841(a)(1).

28

<u>DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 23</u>
<u>ELEMENTS OF THE OFFENSES CHARGED</u>
<u>COUNT ONE</u>

For you to find the defendant guilty of possession with intent to distribute twenty-eight (28) grams or more of cocaine base (crack), the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly possessed any controlled substance; and

Second, the defendant possessed it with the intent to distribute it to another person.

It does not matter whether the defendant knew that the substance was cocaine base (crack). It is sufficient that the defendant knew that it was some kind of a federally controlled substance.

If you find the defendant guilty of the charge in Count One the Indictment, you are then to determine whether the government proved beyond a reasonable doubt that the amount of cocaine base (crack) that defendant intended to distribute equaled or exceeded twenty-eight (28) grams. Your determination of weight must not include the weight of any packaging material. Your decision as to weight must be unanimous.

The government does not have to prove that the defendant knew the quantity of cocaine base (crack).

Authority: S3 Modern Federal Jury Instructions-Criminal 12.1, 12.2 (2026)

29

NATURE OF THE OFFENSE CHARGED
COUNT TWO – Possession with the intent to distribute a quantity of cocaine base (crack), 21 U.S.C §841(a)(1)

Count Two of the Indictment alleges, "On or about May 22, 2025, in the Eastern District of North Carolina, the defendant JOSEPH TYRE CUMBERLANDER, did knowingly and intentionally possess with the intent to distribute a quantity of cocaine base (crack), a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1)."

Title 21, United States Code, Section 841(a)(1), provides that:

It shall be unlawful for any person knowingly or intentionally to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense a controlled substance; or to create, distribute, or dispense, or possess with intent to distribute or dispense, a counterfeit substance.

Authority: Title 21 United States Code Service, Sections 841(a)(1).

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 26
ELEMENTS OF THE OFFENSE CHARGED
COUNT TWO

For you to find the defendant guilty of possession with intent to distribute a quantity of cocaine base (crack), the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly possessed any controlled substance; and

Second, the defendant possessed it with the intent to distribute it to another person.

It does not matter whether the defendant knew that the substance was cocaine base (crack). It is sufficient that the defendant knew that it was some kind of a federally controlled substance.

Authority: S3 Modern Federal Jury Instructions-Criminal 12.1. (2026)

32

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 27
"POSSESSION" – DEFINED
COUNTS ONE AND TWO

To "possess" a controlled substance means to have it within a person's control. The government does not have to prove that Joseph Tyre Cumberlander physically held the controlled substance, that is, had actual possession of it. As long as the controlled substance was within the defendant's control, he possessed it. If you find that the defendant either had actual possession of the controlled substance or had the power and intention to exercise control over it, even though it was not in his physical possession—that is, that Joseph Tyre Cumberlander had the ability to take actual possession of the substance when he wanted to do so—you may find that the government has proved possession. Possession may be momentary or fleeting. Proof of ownership of the controlled substance is not required.

The law also recognizes that possession may be sole or joint. If one person alone possesses a controlled substance, that is sole possession. However, more than one person may have the power and intention to exercise control over a controlled substance. This is called joint possession. If you find that Joseph Tyre Cumberlander had such power and intention, then he possessed the controlled substance even if he possessed it jointly with another.

Mere proximity to the controlled substance, or mere presence on the property where it is located, or mere association with the person who does control the controlled substance or the property is not enough to support a finding of possession.

Authority: S1 Modern Federal Jury Instructions-Criminal 6.21.841-1 (2026)

33

<u>DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 28</u>
<u>"WITH INTENT TO DISTRIBUTE" – DEFINED</u>
<u>COUNTS ONE AND TWO</u>

The term "intent to distribute" means that the defendant, Joseph Tyre Cumberlander, had in mind or planned in some way to deliver or transfer possession or control over a controlled substance to someone else.

In determining whether the defendant had the intent to distribute, you may consider all the facts and circumstances shown by the evidence presented, including the defendant's words and actions. In determining the defendant's intent to distribute controlled substances, you may also consider, among other things, the quantity and purity of the controlled substance, the manner in which the controlled substance was packaged, and the presence or absence of weapons, large amounts of cash, or equipment used in the processing or sale of controlled substances.

Authority: 51 Modern Federal Jury Instructions-Criminal 6.21.841-5 (2026).

34

<u>DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 29</u>
<u>THE DEFENSE</u>

Joseph Tyre Cumberlander has pleaded "Not Guilty" to the charge contained in the Indictment. This plea of not guilty puts in issue each of the essential elements of the offenses as described in these instructions and imposes on the government the burden of establishing each of these elements by proof beyond reasonable doubt.

Authority: 1A Fed. Jury Prac. & Instr. §19.01 (6th ed.) (January 2026 Update) (modified).

35

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 30
EFFECT OF THE DEFENDANT'S DECISION NOT TO TESTIFY

The defendant in a criminal case has an absolute right under our Constitution not to testify.

The fact that defendant Joseph Tyre Cumberlander did not testify must not be discussed or considered in any way when deliberating and in arriving at your verdict. No inference of any kind may be drawn from the fact that a defendant decided to exercise his privilege under the Constitution and did not testify.

As stated before, the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or of producing any evidence.

Authority: 1A Fed. Jury Prac. & Instr. §15.14 (6th ed.) (January 2026 Update).

36

If any reference by the Court or by counsel to matters of testimony or exhibits does not coincide with your own recollection of that evidence, it is your recollection which should control during your deliberations and not the statements of the Court or of counsel.

You are the sole judges of the evidence received in this case.

Authority: 1A Fed. Jury Prac. & Instr. §12:07 (6th ed.) (January 2026 Update).

37

Upon retiring to your jury room to begin your deliberation, you must elect one of your members to act as your foreperson. The foreperson will preside over your deliberations and will be your spokesperson here in court.

Your verdict must represent the collective judgment of the jury. In order to return a verdict, it is necessary that each juror agree to it. Your verdict, in other words, must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so without violence to individual judgment. Each of you must decide the case for himself and herself, but do so only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and to change your opinion if convinced it is erroneous. Do not surrender your honest conviction, however, solely because of the opinion of your fellow jurors or for the mere purpose of thereby being able to return a unanimous verdict.

Remember at all times that you are not partisans. You are judges – judges of the facts of this case. Your sole interest is to seek the truth from the evidence received during the trial.

Your verdict must be based solely upon the evidence received in the case. Nothing you have seen or read outside of court may be considered. Nothing that I have said or done during the course of this trial is intended in any way to somehow suggest to you what I think your verdict should be. Nothing said in these instructions and nothing in any form of verdict, is to suggest or convey to you in any way or manner any intimation as to what verdict I think you should return. What the verdict shall be is the exclusive duty and responsibility of the jury. As I have told you many times, you are the sole judges of the facts.

38

The punishment provided by law for the offenses charged in the indictment is a matter exclusively within the province of the Court and should never be considered by the jury in any way in arriving at an impartial verdict as to the offenses charged.

A verdict form of verdict has been prepared for your convenience.

You will take this form to the jury room and, when you have reached unanimous agreement as to your verdict, you will have your foreperson write your verdicts on the form, date and sign the form, and then return with your verdicts to the courtroom.

If it becomes necessary during your deliberations to communicate with the Court, you may send a note, signed by your foreperson or by one or more members of the jury, through the Court Security Officer. No member of the jury should ever attempt to communicate with the Court by any means other than a signed writing and the Court will never communicate with any member of the jury concerning the evidence, your opinions, or the deliberations other than in writing or orally here in open court.

Bear in mind also that you are never to reveal to any person–not even to the Court–how the jury stands, numerically or otherwise, on the question of whether or not the government has sustained its burden of proof until after you have reached a unanimous verdict.

Authority: 1A Fed. Jury Prac. & Instr. §20:01 (6th ed.) (January 2026 Update) (modified).

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a copy of the foregoing was served upon:

William B. Van Trigt
United States Attorney's Office - EDNC Wilmington
300 N. 3rd Street, Suite 120
Wilmington, NC 28401
Phone: 919-892-4071
Email: william.van.trigt@usdoj.gov

by electronically filing the foregoing with the Clerk of Court on June 12, 2026, using the CM/ECF

system which will send notification of such filing to the above.

This, the 12th day of June, 2026.

/s/ Edward D. Gray
EDWARD D. GRAY
Assistant Federal Public Defender
Attorney for Defendant
Office of the Federal Public Defender
150 Fayetteville Street, Suite 450
Raleigh, North Carolina 27601
Telephone: 919-856-4236
Fax: 919-856-4477
E-mail: Edward_Gray@fd.org
N.C. State Bar No. 37539
LR 57.1 Counsel Appointed

/s/ Snayha M. Nath
SNAYHA M. NATH
Assistant Federal Public Defender
Attorney for Defendant
Office of the Federal Public Defender
150 Fayetteville Street, Suite 450
Raleigh, North Carolina 27601
Telephone: 919-856-4236
Fax: 919-856-4477
E-mail: Snayha_Nath@fd.org
DC Bar No. 1021111
LR 57.1 Counsel Appointed